IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL DEGREGORY NORTON, #219 800 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 1:05-CV-882-T (WO) |
| RICKEY STOKES | * |
| Defendant. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff, a state inmate, complains that his constitutional rights were violated during his apprehension by employees of the A-Advantage Bonding Company. Plaintiff names Ricky Stokes, the owner of the bonding company, as the Defendant in this cause of action. Plaintiff seeks $2 million in damages and trial by jury.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

In the instant complaint, Plaintiff asserts claims against a private individual for actions taken against him on January 17, 2005. Specifically, Plaintiff contends that Defendant Stokes and a partner violated his civil rights when Defendant Stokes fired a gun at Plaintiff thereby

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

grazing him on his right side and right leg after he tried to run from Defendant Stokes during his apprehension of Plaintiff on an outstanding bond. Plaintiff maintains that Defendant's reckless conduct violated his Eighth and Fourteenth Amendment rights. (Doc. No. 1.)

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). From the pleadings and allegations filed by Plaintiff, the court finds that Defendant Stokes is not a state actor. *See Green v. Abony Bail Bond*, 316 F. Supp.2d 1254, 1261 (M.D. Fla. 2004); *Landry v. A-Able Bonding, Inc.* 75 F.3d 200, 203-205 (5th Cir. 1996); *Ouzts v. Maryland Nat'l Ins. Co.,* 505 F.2d 547, 550-55 (9th Cir.1974). Thus, the actions about which Plaintiff complains were not committed by a person acting under color of state law. In light of the foregoing, the court concludes that the claims presented by Plaintiff are frivolous and, therefore, subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be

DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 17, 2005.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of October, 2005.

                                          /s/Charles S. Coody
                                          CHARLES S. COODY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE